**UNITED STATES of America, Appellee,**

v.

**Clayton B. DOCKINS, Appellant.**

**No. 81–5022.**

United States Court of Appeals,
Fourth Circuit.

Argued Aug. 6, 1981.
Decided Sept. 8, 1981.

---

Arthur G. Howe, Charleston, S. C. (Barry Krell, Uricchio, Howe & Krell, P.A., Charleston, S. C., on brief), for appellant.

Lionel S. Lofton, Asst. U. S. Atty., Charleston, S. C. (Henry Dargan McMaster, U. S. Atty., on brief), for appellee.

Before RUSSELL, WIDENER and HALL, Circuit Judges.

PER CURIAM:

Clayton B. Dockins was convicted, along with two co-conspirators, Kenneth Todd and Edwin Barbee Eaddy, of conspiracy to distribute and distribution of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846 and 18 U.S.C. § 2. Dockins was sentenced to twelve years in prison. He appeals his conviction, making six assignments of error. As we find no merit in his appeal, we affirm the conviction.

The case against the defendant evolved in this manner: Kenneth Todd sold two ounces of cocaine to Tom Sprague, an undercover drug enforcement agent. Todd told the agent that his supplier was a Charleston "lounge owner"; Dockins owned a lounge in Charleston, South Carolina. About a week later, Sprague called Todd and arranged to meet him at the Charleston airport Holiday Inn to transact the purchase of a pound of cocaine. While Sprague went on to the Holiday Inn, other agents watched Todd and Eaddy get into a dark Mercedes, and then followed them to Dockins' house. Dockins' car, a yellow Cadillac, was parked outside when Todd and Eaddy entered the house. After almost an hour, they left in the Mercedes, and Dockins' yellow Cadillac followed. At one point, the cars under surveillance pulled onto a dirt road and out of sight. After five minutes, they returned to the main road, proceeded to the Holiday Inn, and parked in the motel parking lot.

Todd and the agent met in the lounge and then went to Room 112 where the cocaine sale took place. While Todd and Sprague were in Room 112, Eaddy and a person later identified as Dockins were observed in conversation in the motel lobby; during the conversation, Eaddy gestured in the direction of Room 112. After the sale was completed, Todd was arrested in the room and Eaddy was arrested in the lounge. The agents could not find Dockins, although his car was still parked in the Holiday Inn lot. He surrendered the next day.

On appeal, Dockins primarily contests the admissibility of Todd's statements that his supplier was a "lounge owner." Dockins argues that these were inadmissible hearsay statements because there was insufficient independent evidence connecting him to the conspiracy.

Rule 801(d)(2)(E) of the Federal Rules of Evidence permits co-conspirators' out-of-court statements to be admitted against a defendant at trial if the statements were made "during the course of and in furtherance of the conspiracy." *Id.* However, the admissibility of such statements is conditioned upon the existence of substantial evidence of the conspiracy other than the statement itself. *United States v. Stroupe*, 538 F.2d 1063, 1065 (4th Cir. 1976).

Dockins argues that his case is factually similar to *Stroupe*, where this court ruled

that the independent evidence of a conspiracy was insufficient to warrant the admission of a co-conspirator's out-of-court statement. In *Stroupe*, the government introduced several out-of-court statements by Wright, the alleged co-conspirator, which identified Stroupe as the drug supplier. As independent evidence to prove conspiracy, the government showed that an undercover agent and Wright had stopped by Stroupe's trailer, supposedly to get the drugs. Wright went in for a couple of minutes, and came back out with Stroupe and his girlfriend. Stroupe waved to Wright and the agent as they drove off. Upon these facts, the *Stroupe* court ruled that Stroupe had not been sufficiently linked to the conspiracy to justify admitting hearsay testimony by his alleged co-conspirators.

■ We find this case factually distinguishable from *Stroupe*. Todd and Eaddy were in Dockins' house for almost an hour, far more time than the short visit in *Stroupe*. Further, Stroupe was only seen briefly at his trailer, while Dockins was nearby throughout the transaction in this case. When Todd and Eaddy left Dockins' house, his car followed them, pulled off a dirt road behind them, and arrived with them at the Holiday Inn. During the actual sale, Dockins was at the Holiday Inn, conversed with Eaddy, and had his attention directed to the general vicinity of the room where the sale was taking place. On these facts, we find no error in the district court's conclusion that there was substantial independent evidence to prove Dockins' role as a co-conspirator. Therefore, his co-conspirator's statements are admissible against him.

We have examined the other issues raised on this appeal, and find them equally unpersuasive. Accordingly, the judgment of the district court is affirmed.

*AFFIRMED.*